# UNITED STATES DISTRICT COURT

WESTERN District of ARKANSAS

UNITED STATES OF AMERICA **JUDGMENT IN A CRIMINAL CASE**
**V.**

DANNY TROY MCCARTHY

Case Number: 5:04CR50042-002

USM Number: 07268-010

Dale Casto
Defendant's Attorney

**THE DEFENDANT:**

X pleaded guilty to count(s)   Four (4) of the Indictment on September 2, 2005

☐ pleaded nolo contendere to count(s)
   which was accepted by the court.

☐ was found guilty on count(s)
   after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. §§ 912 and 2 | Aiding and Abetting the False Impersonation of Officer or Employee of the United States | 01/31/2004 | 4 |

The defendant is sentenced as provided in pages 2 through   10   of this judgment, with the court considering the sentencing guidelines as non-binding and advisory only.

☐ The defendant has been found not guilty on count(s)

X Count(s)   Five (5) through Eleven (11)   ☐ is   X are   dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

December 12, 2005
Date of Imposition of Judgment

/S/ Jimm Larry Hendren
Signature of Judge

Honorable Jimm Larry Hendren, Chief United States District Judge
Name and Title of Judge

December 13, 2005
Date

DEFENDANT: DANNY TROY MCCARTHY
CASE NUMBER: 5:04CR50042-002

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of: ten and one-half (10½) months with credit for time already served.

☐ The court makes the following recommendations to the Bureau of Prisons:

X The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

    ☐ at _____ ☐ a.m. ☐ p.m. on _____ .

    ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    ☐ before 2 p.m. on _____ .

    ☐ as notified by the United States Marshal.

    ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

a _____ , with a certified copy of this judgment.

UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

DEFENDANT: DANNY TROY MCCARTHY
CASE NUMBER: 5:04CR50042-002

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of :     one (1) year

    The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance.  The defendant shall refrain from any unlawful use of a controlled substance.  The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse.  (Check, if applicable.)

☒ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon.  (Check, if applicable.)

☒ The defendant shall cooperate in the collection of DNA as directed by the probation officer.  (Check, if applicable.)

☐ The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer.  (Check, if applicable.)

☐ The defendant shall participate in an approved program for domestic violence.  (Check, if applicable.)

    If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

    The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

DEFENDANT: DANNY TROY MCCARTHY
CASE NUMBER: 5:04CR50042-002

# SPECIAL CONDITIONS OF SUPERVISION

1. The first four and one-half (4½) months of supervised release shall be served in home detention status. The defendant shall be allowed to leave his residence for employment purposes, for necessary medical treatment, and for such emergency matters as may be approved by the probation officer.

2. The defendant shall comply with any referral deemed appropriate by the U.S. Probation Officer for in-patient or out-patient evaluation, treatment, counseling or testing for mental health.

3. Defendant shall not incur any new debt nor establish any bank or credit accounts unless receiving prior approval from the U.S. Probation Officer, and will make any information concerning his financial status available to the probation officer upon request.

AO 245B    (Rev. 06/05) Judgment in a Criminal Case
　　　　　Sheet 5 — Criminal Monetary Penalties

Judgment — Page 5 of 10

DEFENDANT: DANNY TROY MCCARTHY
CASE NUMBER: 5:04CR50042-002

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| **TOTALS** | $ 100.00 | $ 0 | $ 50,480.00 |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| Miriam Alejandra Amaya-Gallardo<br>2180 North College<br>Fayetteville, AR 72701 |  | $1,360.00 |  |
| Gustavo Anaya-Pena<br>201 East Appleby, #5<br>Fayetteville, AR 72701 |  | $1,510.00 |  |
| Oscar Eliseo Ayala<br>1115 South School<br>Fayetteville, AR 72701 |  | $1,360.00 |  |
| Elena Balleza<br>O Plaza, Apt. 3201<br>Dallas, TX 75201 |  | $860.00 |  |
| Jose Alberto Buevara-Gonzalez<br>1219 North Storer Ave.<br>Fayetteville, AR 72701 |  | $1,300.00 |  |
| Joaquin Carmona-Ladesma<br>3104 Second Street<br>Fayetteville, AR 72701 |  | $1,250.00 |  |
| **TOTALS** | $ 0 | $ 50,480.00 |  |

☐ Restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

X The court determined that the defendant does not have the ability to pay interest and it is ordered that:

　　X  the interest requirement is waived for the   X  fine   X  restitution.

　　☐  the interest requirement for the   ☐ fine   ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT: DANNY TROY MCCARTHY
CASE NUMBER: 5:04CR50042-002

## ADDITIONAL RESTITUTION PAYEES

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| Lilia Castaneda-Mesta<br>2504 South Jill Circle, Apt. A<br>Springdale, AR 72764 | $360.00 | | |
| Juan Manuel Castrellon-Gallardo<br>2180 North College<br>Fayetteville, AR 72701 | $1,360.00 | | |
| Juan Carlos Castrellon-Lopez<br>2180 North College<br>Fayetteville, AR 72701 | $1,360.00 | | |
| Luis Manuel Castrellon-Lopez<br>2180 North College<br>Fayetteville, AR 72701 | $1,360.00 | | |
| Alonso Roberto Gallardo-Guevara<br>2180 North College<br>Fayetteville, AR 72701 | $1,360.00 | | |
| Luis Alonzo Garcia-Duenas<br>1935 West Stone, Apt. 103<br>Fayetteville, AR 72701 | $3,360.00 | | |
| Jesus Maria Garcia-Gutierrez<br>706 Southeast 10th Street<br>Bentonville, AR 72712 | $360.00 | | |
| Juana Lizbeth Garcia-Munoz<br>1935 West Stone, Apt. 103<br>Fayetteville, AR 72701 | $360.00 | | |
| Zessna Laticia Garcia-Rios<br>706 Southeast 10th Street<br>Bentonville, AR 72712 | $360.00 | | |
| Martha Elena Garduno-Ballesteros<br>1250 McClelland Road<br>Elkins, AR 72727 | $1,360.00 | | |
| Lorena Gaytan-Lara<br>1211 North Leverett Ave., Apt. #6<br>Fayetteville, AR 72701 | $1,360.00 | | |

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT: DANNY TROY MCCARTHY
CASE NUMBER: 5:04CR50042-002

# ADDITIONAL RESTITUTION PAYEES

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| Luz Maria Bonzalez-Juarez<br>1405 Margaret Place<br>Rogers, AR 72756 | $1,360.00 | | |
| Fabiola Gonzalez-Ruiz<br>201 East Appleby, #5<br>Fayetteville, AR 72701 | $1,900.00 | | |
| Cesar Hernandez<br>272 East 12th Street<br>Fayetteville, AR 72701 | $150.00 | | |
| Margarita Hernandez-Oregon<br>1219 North Storer Avenue<br>Fayetteville, AR 72701 | $650.00 | | |
| Alberto Hernandez-Vera<br>272 East 12th Street<br>Fayetteville, AR 72701 | 200.00 | | |
| Armando Ibarra-Escalante<br>16900 East Breeder Road<br>Prairie Grove, AR 72753 | $100.00 | | |
| Maria Virginia Lopes-Ibarra<br>2180 North College<br>Fayetteville, AR 72701 | $1,360.00 | | |
| Daniel Marquez<br>1603 Azelea<br>Springdale, AR 72762 | $150.00 | | |
| Lucia Morano-Morones<br>920 Rochelle Road, Apt. 146<br>Irving, TX 75014 | $360.00 | | |
| Erika Paulina Munoz-Altamira<br>1935 West Stone, Apt. 103<br>Fayetteville, AR 72701 | $100.00 | | |
| Cesar Perez-Martinez<br>1405 Margaret Place<br>Rogers, AR 72756 | $1,360.00 | | |

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT: DANNY TROY MCCARTHY
CASE NUMBER: 5:04CR50042-002

# ADDITIONAL RESTITUTION PAYEES

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| Alma Leticia Rios-Limones<br>706 Southeast 10th Street<br>Bentonville, AR 72712 | $360.00 | | |
| Cesar Rivera-Leyva<br>2250 West Main, Apt. 12<br>Fayetteville, AR 72701 | $1,510.00 | | |
| Jaime Rodriguez-Manjarrez<br>3104 Second Street<br>Fayetteville, AR 72701 | $775.00 | | |
| Oscar Rodriguez-Vaca<br>3104 Second Street<br>Fayetteville, AR 72701 | $1,500.00 | | |
| Robert Sinhue Rodriguez-Vaca<br>3104 Second Street<br>Fayetteville, AR 72701 | $1,660.00 | | |
| Jesus Enrique Rodriguez-Hernandez<br>1250 McClelland Road<br>Elkins, AR 72727 | $1,360.00 | | |
| Lizette Santiago-Sanchez<br>3104 Second Street<br>Fayetteville, AR 72701 | $1,360.00 | | |
| Jesus Santos<br>961 Regency Drive<br>Fayetteville, AR 72701 | $400.00 | | |
| Paola Janet Tafoya-Arias<br>908 Century Drive<br>Rogers, AR 72756 | $900.00 | | |
| Victor Torres-Anaya<br>201 East Appleby #5<br>Fayetteville, AR 72701 | $2,500.00 | | |

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT: DANNY TROY MCCARTHY
CASE NUMBER: 5:04CR50042-002

# ADDITIONAL RESTITUTION PAYEES

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| Jose Luis Vaca-Pena<br>3104 Second Street<br>Fayetteville, AR 72701 | $1,510.00 | | |
| Maria De Lourdes Vaca-Pena<br>3104 Second Street<br>Fayetteville, AR 72701 | $1,275.00 | | |
| Hermilo Vargus-Garcia<br>13615 Piramid Drive<br>Farmers Branch, TX | $860.00 | | |
| Luis Enrique Vargus-Garcia<br>1700 Duncan Way<br>Carrolton, TX 75006 | $860.00 | | |
| Graciano Vera-Villegas<br>278 12th Street<br>Fayetteville, AR 72701 | $100.00 | | |
| Efren Rodriquez-Vaca<br>1250 McClelland<br>Elkins, AR 72727 | $360.00 | | |
| Julio Hernandez<br>6985 West Rockwell<br>Little Rock, AR 72201 | $1,360.00 | | |
| Jonathan Javier Vaca-Pena<br>1250 McClelland<br>Elkins, AR 72727 | $1,360.00 | | |
| Pedro Adolfo Santos-Gonzalez<br>961 Regency Drive<br>Fayetteville, AR 72704 | $360.00 | | |
| Luis Navarro-Carlos<br>2118 Chestnut Street, #7<br>Fayetteville, AR 72703 | $1,360.00 | | |
| Rebecca Lara<br>2331 West Deane, Apt. 6<br>Fayetteville, AR 72703 | $460.00 | | |

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT:     DANNY TROY MCCARTHY
CASE NUMBER:     5:04CR50042-002

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

**A**   X   Lump sum payment of $ __$50,580.00__ due immediately, balance due

     ☐ not later than _____ , or
     ☐ in accordance   ☐ C,   ☐ D,   ☐ E, or   X F below; or

**B**   ☐   Payment to begin immediately (may be combined with   ☐ C,   ☐ D, or   ☐ F below); or

**C**   ☐   Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

**D**   ☐   Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

**E**   ☐   Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F**   X   Special instructions regarding the payment of criminal monetary penalties:

If not paid immediately, any unpaid financial penalty imposed shall be paid during the period of incarceration at a rate of not less than $25.00 quarterly, or 10% of the defendant's quarterly earnings, whichever is greater. After incarceration, any unpaid financial penalty shall become a special condition of supervised release and may be paid in monthly installments of not less than 10% of the defendant's net monthly household income, but in no case less than $200.00, with the entire balance to be paid in full one month prior to the termination of supervised release.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

X   Joint and Several

    Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

    Roxanne L. Carter, 5:04CR50042-001, $50,480.00

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☐ The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.